BOUTALL, Judge.
One month prior to a judgment of divorce terminating his marriage to Jacqueline A. Williams, Ernest N. Souhlas filed suit against her former husband, Charles March-banks, for reimbursement of child support furnished to Dianne Gail Marchbanks, a child of the marriage between Williams and Marchbanks. Marchbanks filed an exception of prescription which was maintained, dismissing Souhlas’ suit. Souhlas has appealed.
In argument, appellant bases his right to recover upon the general obligation of a parent to furnish support to his minor child, and alleges that he furnished that support because of the abandonment of the child by its father and as a matter of equity he should be reimbursed. He contends that the prescription applicable to this case is the prescription of ten years for personal actions as provided in Civil Code Article 3544. Opposed to this, the appellee contends that the prescription of three years as defined in Article 3538 of the Civil Code applies, this issue being basically an arrearage of alimony. The trial judge maintained the exception of prescription without specifying which prescription was applicable.
A preliminary issue on this appeal is the failure of the trial judge to give written reasons for judgment upon the request of the appellant. The judgment was rendered on October 1,1980, and on October 10,1980, appellant filed into the record a motion for written findings of fact and reasons for judgment. There is nothing in the record to show that that document was ever presented to the judge or that he was aware of it, and we note that the certificate of service stamped thereon is blank and not executed by mover. Opposing counsel in argument informs the court that he was entirely unaware of the existence of this document in the record. There being nothing to show that the trial judge was aware of it, we cannot say that he was required to render written reasons, and find no merit in appellant’s complaint.
The main issue on this appeal is the maintaining of the exception of prescription. We call attention to the fact that this appeal is based solely upon that exception, and we pretermit any discussion of the issues of whether Souhlas has any cause of action to seek such relief and whether he has a right of action to bring such a suit. We limit ourselves solely to the exception of prescription.
The only evidence in the record is the judgment of divorce between Charles Marchbanks and Jacqueline A. Williams rendered in the Circuit Court of Fayette *799 County, State of Tennessee, apparently on May 15, 1959. In that judgment, Jacqueline A. Williams was given custody of the minor Dianne Gail Marchbanks, then aged three and one-half years, and Marchbanks was ordered to pay to her the sum of $40.00 per month for the support of the child. There is no note of evidence, and it would appear that the general facts in this case have been gleaned either through the pleadings or through argument of counsel. Although there is a dispute as to whether Marchbanks hid his whereabouts from the knowledge of his former wife and her new husband, or whether Williams hid her whereabouts from Marchbanks until he located his former wife and child several years later, there is no dispute to the fact that Marchbanks did not render financial support for the child after his former wife’s remarriage. The appellant argues that his furnishing of support of the child was from the ages of six to twenty during the years 1961 through 1975.
We are disposed to affirm the maintaining of the peremptory exception of prescription by the trial judge on the basic fact that there is no evidence which shows that it is erroneous. Indeed the only evidence which demonstrates an obligation of support is the judgment of divorce in 1959. Accepting appellant’s statement as correct, that he furnished support through 1975, a suit filed on February 27, 1980, is filed too late, being beyond the three year prescription provided in Civil Code Article 3538.
Accordingly, the judgment maintaining the peremptory exception of prescription is affirmed.
AFFIRMED.